UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKIE BERNARD BROWN,

                    Petitioner,

                                             CIVIL CASE NO. 04-CV-60048-AA
v.                                           HONORABLE MARIANNE O. BATTANI

JERI ANN SHERRY,

                    Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

**I.    Introduction**

Rickie Bernard Brown ("Petitioner"), a state prisoner presently confined at the Camp

Manistique in Manistique, Michigan,[1] has filed a *pro se* petition for writ of habeas corpus

challenging his convictions for assault with intent to do great bodily harm less than murder,

carrying a concealed weapon, felon in possession of a firearm, and two counts of possession of a

firearm during the commission of a felony which were imposed following a jury trial in the

Oakland County Circuit Court.  Petitioner was sentenced as a second habitual offender to five

and one-half to 15 years imprisonment on the assault conviction, concurrent terms of three to

seven and one-half years imprisonment on each of the weapons convictions, and concurrent

terms of two years imprisonment on each of the felony firearm convictions, to be served

consecutively to the other sentences.

---

[1]At the time he filed this action, Petitioner was confined at the Newberry Correctional
Facility in Newberry, Michigan where Respondent, Jeri Ann Sherry, was the warden.

In his pleadings, Petitioner raises claims concerning the sufficiency of the evidence, the violation of a discovery order and the suppression of evidence, the jury instructions, a limitation on cross-examination, and sentencing. For the reasons set forth below, the Court denies the petition for writ of habeas corpus.

## II.   Facts

Petitioner's convictions arise from an incident in which he fired gunshots at his girlfriend's neighbor, Leondra Steen, in Oak Park, Michigan on August 21, 2000. The Michigan Court of Appeals summarized the facts, which are presumed correct on habeas review, *see Monroe v. Smith*, 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001), *aff'd.* 41 Fed. Appx. 730 (6th Cir. 2002), as follows:

> This case arises out of a shooting outside a house in Oak Park. As Leondra Steen and his nephew sat inside Steen's truck, two men approached and Steen recognized one of the men, defendant, as a neighbor's boyfriend. Defendant stopped near a tree, about ten feet away from the driver's side of the truck and the other man positioned himself to the rear of Steen's truck. Defendant twice raised his shirt, and Steen could see a handgun in the waistband of defendant's pants. Steen told his nephew to get out of the truck and go into the house, and he yelled to his wife (who was watching from the front porch) to go into the house and call the police.
>
> While facing Steen, defendant backed up four or five paces. Defendant then pulled out his gun as he continued to back away. Defendant pointed the gun with both hands, shot at Steen and then fled. Steen testified that there was a dispute between his children and the family of defendant's girlfriend, though Steen denied that he was personally involved.

*People v. Brown*, No. 234222, 2003 WL 1904356 (Mich. Ct. App. April 17, 2003) (unpublished).

## III.   Procedural History

Following his convictions and sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals raising the same claims contained in the instant petition. The Court of Appeals affirmed Petitioner's convictions and sentence. *Id*. Petitioner filed an application for leave to appeal with the Michigan Supreme Court raising the same claims, which was denied in a standard order. *People v. Brown*, 469 Mich. 909, 670 N.W.2d 220 (2003).

Petitioner thereafter filed the present habeas petition, asserting the following claims as grounds for relief:

I.     The court should have granted the Petitioner's motion for directed verdict, there was insufficient evidence to support his conviction.

II.    Petitioner was denied a fair trial by the prosecutor's inexcusable violation of discovery and suppression of evidence, and the court's denial of his motion for mistrial.

III.   Petitioner was denied a fair trial, his right to a properly instructed jury and his right to a defense by the trial court's refusal to give the requested instruction of a lesser included offense.

IV.    The trial court denied Petitioner a fair trial by denying the right to cross-examine the responding police officer concerning a statement made by complainant, excited utterance.

V.     Petitioner must be resentenced where the guidelines were misscored, resulting in an erroneous guideline range and the denial of Petitioner's due process right to sentencing based on accurate information, and where the trial court considered his lack of remorse.

Respondent has filed an answer to the petition asserting that the claims should be denied for lack of merit. Petitioner has filed a reply to that answer.

**IV.   Analysis**

    **A.     Standard of Review**

3

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the

4

state court's decision must have been more than incorrect or erroneous.  The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision.  *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003).  Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."  *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue.  *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are entitled to a presumption of correctness on federal habeas review.  *See* 28 U.S.C. § 2254(e)(1).  A petitioner may rebut this presumption with clear and convincing evidence.  *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

**B.      Denial of Directed Verdict/Sufficiency of Evidence Claim**

Petitioner first claims that he is entitled to habeas relief because the trial court erred in denying his motion for directed verdict on the assault with intent to murder charge and because the prosecution presented insufficient evidence to support his conviction for assault with intent to do great bodily harm less than murder.

5

To the extent that Petitioner relies upon state law to assert that he was entitled to a directed verdict on the assault with intent to murder charge, he fails to state a claim for habeas relief.  It is well-settled that habeas relief may not be granted for alleged violations of state law.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *see also Shacks v. Tessmer*, 2001 WL 523533, *6 (6th Cir. May 8, 2001) (unpublished) (finding no merit in petitioner's claim that the trial court erred in denying his motion for directed verdict of acquittal on first-degree murder charge based upon alleged state law violations).

Additionally, the submission of a criminal charge to a jury likely constitutes harmless error when the defendant is acquitted of that charge.  *See Daniels v. Burke*, 83 F.3d 760, 765 n. 4 (6th Cir. 1996) (citing cases); *Johnson v. Hofbauer*, 159 F. Supp. 2d 582, 596 (E.D. Mich. 2001).  Petitioner was acquitted of assault with intent to murder.  Furthermore, as discussed *infra*, the prosecution presented sufficient evidence to support Petitioner's assault with intent to do great bodily harm conviction, as well as the assault with intent to murder charge.

In *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), the United States Supreme Court established that a federal court's review of a sufficiency of the evidence claim must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Id.* at 319; *see also DeLisle v. Rivers*, 161 F.3d 370, 389 (6th Cir. 1998).  The Court must view this standard through the framework of 28 U.S.C. § 2254(d).  *See Martin v. Mitchell*, 280 F.3d 594, 617 (6th Cir. 2002).  The *Jackson* standard must be applied "with explicit reference to the substantive elements of the criminal offense as defined by state law."  *Jackson*, 443 U.S. at 324

6

n. 16.  "The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim."  *Matthews v. Abramajtys*, 319 F.3d 780, 788-89 (6th Cir. 2003) (citation omitted).

Under Michigan law, the elements of assault with intent to murder are: (1) an assault, (2) with an actual intent to kill, and (3) which, if successful, would make the killing murder.  *See* Mich. Comp. L. § 750.83; *People v. Warren*, 200 Mich. App. 586, 588, 504 N.W.2d 907 (1993).  To convict a defendant of assault with intent to do great bodily harm less than murder, the prosecution must establish the following elements:  (1) an attempt or offer with force or violence to do corporal hurt to another, and (2) an intent to do great bodily harm less than murder.  *See* Mich. Comp. L. § 750.84; *People v. Mitchell*, 149 Mich. App. 36, 38, 385 N.W.2d 717 (1986).

The Michigan Court of Appeals considered this claim and concluded that there was sufficient evidence to support the charge of assault with intent to murder and sufficient evidence for a rational trier of fact to find Petitioner guilty of assault with intent to commit great bodily harm less than murder.  *See Brown*, 2003 WL 1904356 at *1-2.

Having reviewed the record, this Court finds that the Michigan Court of Appeals' decision is consistent with *Jackson* and constitutes a reasonable application thereof, as well as the facts in light of the evidence.  The testimony at trial revealed that Petitioner pointed a gun at Leondra Steen and fired at least two gunshots.  A rational trier of fact could conclude that Petitioner committed the offense of assault with intent to commit great bodily harm less than murder beyond a reasonable doubt.  Even if the jury found that Petitioner moved away from Steen before firing the weapon, as argued by Petitioner, the jury could have reasonably determined that Petitioner did so to protect himself or to ensure his escape, rather that to

7

minimize any harm to Steen.  The evidence that Petitioner pointed a gun and fired two shots at Steen also supported the assault with intent to murder charge.

Petitioner's insufficient evidence claim essentially challenges the weight to be accorded certain pieces of evidence.  Such determinations, however, are not matters for federal habeas review.  It is well-settled that a "federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume - even if it does not affirmatively appear in the record - that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."  *Walker v. Engle*, 703 F.2d 959, 970 (6th Cir. 1983).  Petitioner is thus not entitled to relief on this claim.

### C.      Discovery/Suppression of Evidence Claim

Petitioner next claims that he is entitled to habeas relief because the prosecution violated a discovery order and suppressed evidence by failing to disclose the tape of Marlo Bonds' 911 call and information about Leondra Steen's prior convictions before the start of trial.

To the extent that Petitioner alleges a violation of the trial court's discovery order, he is not entitled to habeas relief.  This Court may only grant habeas relief to a person who is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Trial court errors in the application of state procedure or evidentiary law are generally not cognizable as grounds for federal habeas relief.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Serra v. Michigan Dep't. of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993).  Petitioner's claim that the prosecution violated the trial court's discovery order does not warrant habeas relief and must be denied.

8

Moreover, Petitioner has failed to establish a violation of his federal constitutional rights.  It is well-settled that there is no general constitutional right to discovery in a criminal case.  *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977); *United States v. Presser*, 844 F.2d 1275, 1281 (6th Cir. 1988).  The United States Supreme Court has held that the prosecutor's failure to disclose evidence favorable to the defense constitutes a denial of due process "where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."  *Brady v. Maryland*, 373 U.S. 83, 87 (1963).  In other words, to find a *Brady* violation, not only must the evidence be suppressed, but the suppressed evidence must be material and favorable to the accused.  *Elmore v. Foltz*, 768 F.2d 773, 777 (6th Cir. 1985).  Favorable evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different."  *United States v. Bagley*, 473 U.S. 667, 682 (1985); *see also Kyles v. Whitley*, 514 U.S. 419, 432-36 (1995).  The duty to disclose favorable evidence includes the duty to disclose impeachment evidence.  *Bagley, supra*; *Giglio v. United States*, 405 U.S. 150, 154-55 (1972).  Material evidence is that which is "so clearly supportive of a claim of innocence that it gives the prosecution notice of a duty to produce."  *United States v. Clark*, 988 F.2d 1459, 1467 (6th Cir. 1993).

A *Brady* violation does not occur if previously undisclosed evidence is disclosed during trial unless the defendant is prejudiced by its prior nondisclosure.  *United States v. Word*, 806 F.2d 658, 665 (6th Cir. 1986); *see also Edkin v. Travis*, 969 F. Supp. 139, 143 (W.D.N.Y. 1997) (*Brady* violation did not occur when defense counsel ultimately received the materials and had an opportunity to prepare for cross-examination).

9

In this case, both the 911 tape and Steen's convictions were disclosed during trial, and Petitioner has not established that such evidence constituted an unfair surprise or that he was prejudiced in presenting a defense by the delay in disclosure. Furthermore, while the 911 tape was somewhat relevant, it was not favorable to the defense. Thus, *Brady* was not violated as to that evidence. There is also no evidence that the prosecution intentionally withheld the evidence at issue. Accordingly, this Court cannot conclude that the prosecution's conduct deprived Petitioner of a fundamentally fair trial. Petitioner is not entitled to habeas relief on this claim.

### D.    Jury Instruction Claim

Petitioner also asserts that he is entitled to habeas relief because the trial court failed to instruct the jury on the lesser offenses of reckless discharge of a firearm and aiming without malice. The United States Supreme Court has declined to decide whether due process requires the giving of jury instructions on lesser-included offenses in non-capital cases. *See Beck v. Alabama*, 447 U.S. 625, 638 n.14 (1980).[2] The United States Court of Appeals for the Sixth Circuit has interpreted *Beck* to mean that "the Constitution does not require a lesser-included offense instruction in non-capital cases." *Campbell v. Coyle*, 260 F.3d 531, 541 (6th Cir. 2001) (citing *Bagby v. Sowders*, 894 F.2d 792, 795-97 (6th Cir 1990) (en banc)), *cert. denied*, 535 U.S. 975 (2002); *see also Adams v. Smith*, 280 F. Supp. 2d 704, 717 (E.D. Mich. 2003).

---

[2]The Supreme Court's holding in *Beck* was that the death penalty may not be imposed for a capital offense if the jury was not permitted to consider a verdict on a lesser included non-capital offense which would have been supported by the evidence. In *Hopper v. Evans*, 456 U.S. 605, 611 (1982), the Court ruled that a capital defendant is entitled to a lesser included offense instruction only when there is evidence to support it. More recently, the Supreme Court held that state courts are not constitutionally required to instruct juries in capital cases on crimes which are not lesser included offenses of the charged crime. *See Hopkins v. Reeves*, 524 U.S. 88, 90-91 (1998).

Accordingly, this Court must conclude that Petitioner's claim regarding the trial court's refusal to instruct on reckless discharge of a firearm and aiming without malice is not cognizable on federal habeas review.

Furthermore, Petitioner has not shown that the Court of Appeals' determination that the requested instructions were not supported by the evidence was a state law error,[3] or that the decision conflicts with United States Supreme Court precedent, or constitutes an unreasonable application of federal law or the facts. Habeas relief is not warranted on this claim.

### E.        Cross-Examination Claim

Petitioner next claims that he is entitled to habeas relief because the trial court did not allow him to cross-examine a police officer (Timothy Hurt), who testified about Leondra Steen's excited utterance ("they just shot at me, you got to get them, he just tried to kill me"), with written statements given by Raydale Steen approximately 30 minutes after the shooting. Raydale Steen could not be located at the time of trial and did not testify. The trial court found that the written statements were hearsay and did not fall within the excited utterance exception.

Alleged trial court errors in the application of state evidentiary law are generally not cognizable as grounds for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Serra v. Michigan Dept. of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993). Only when an evidentiary ruling is "so egregious that it results in a denial of fundamental fairness," may it

---

[3]Under Michigan law, a defendant may request and receive instructions on necessarily included lesser offenses without regard to the evidence, and on cognate lesser included offenses if the evidence would support a conviction on the lesser offense. *People v. Beach*, 429 Mich. 450, 462, 418 N.W.2d 861 (1988). Here, the Michigan Court of Appeals held that reckless discharge of a firearm and aiming without malice are cognate, not necessarily included, lesser offenses of assault with intent to murder, and that the evidence did not support either instruction. *Brown*, 2003 WL 1904356 at *3. This determination is entitled to deference on habeas review as state courts are the final arbiters of state law. *See Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987).

11

violate due process and warrant habeas relief.  *See Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003).

The right of an accused to present a defense has long been recognized as "a fundamental element of due process."  *Washington v. State*, 388 U.S. 14, 19 (1967).  However, "a defendant's right to present evidence is not unlimited, but rather is subject to reasonable restrictions."  *United States v. Scheffer*, 523 U.S. 303, 308 (1998).  "A defendant's interest in presenting . . . evidence may thus bow to accommodate other legitimate interests in the criminal trial process."  *Id.* (internal quotations omitted).

In determining whether the exclusion of evidence infringes upon a defendant's rights, the question is not whether the excluded evidence would have caused the jury to reach a different result.  Rather, the question is whether the defendant was afforded "a meaningful opportunity to present a complete defense."  *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) (quoting *California v. Trombetta*, 467 U.S. 479, 485 (1984)); *see also Chambers v. Mississippi*, 410 U.S. 284, 302 (1973) (defendant was denied right to present a defense when he was precluded from cross-examining a key witness and calling three favorable witnesses).

The Confrontation Clause of the Sixth Amendment guarantees a criminal defendant the right to confront the witnesses against him.  "The  main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination."  *Davis v. Alaska*, 415 U.S. 308, 315 (1973).  "Cross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested.  Subject always to the broad discretion of a trial judge to preclude repetitive and unduly harassing interrogation, the cross-examiner is not only permitted to delve into the witness's story to test the witness's perceptions and memory, but

the cross-examiner has traditionally been allowed to impeach, *i.e.*, discredit the witness." *Id.* at 314.

The right of cross-examination, however, is not absolute. "[T]rial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Delaware v. VanArsdall*, 475 U.S. 673, 679 (1986); *see also Norris v. Schotten*, 146 F.3d 314, 329-30 (6th Cir. 1998).

In this case, the Michigan Court of Appeals determined that the trial court did not abuse its discretion in ruling that Petitioner had not laid a proper foundation for the admission of the evidence. *Brown*, 2003 WL 1904356 at *3. The Court of Appeals did not address this as a matter of federal law. Accordingly, this Court must conduct an independent review of the state court's decision. *See Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000). This independent review requires the federal court to "review the record and applicable law to determine whether the state court decision is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Id.* This independent review "is not a full, *de novo* review of the claims, but remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA." *Id.*

The Court of Appeals' decision is neither contrary to United States Supreme Court precedent nor an unreasonable application of federal law. The trial court properly ruled that the written statements could not be admitted as excited utterances as a matter of state evidentiary

13

law.  Further, Petitioner's right to present a defense and his confrontation rights were not violated given that he had a reasonable opportunity to cross-examine the police officer, as well as victims Leondra Steen and Marlo Bonds, regarding their recollections of the incident.

Moreover, even assuming that the trial court erred in limiting cross-examination, such error was harmless.  For purposes of federal habeas review, a constitutional error that implicates trial procedures is considered harmless if it did not have a "substantial and injurious effect or influence in determining the jury's verdict."  *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also O'Neal v. McAninch*, 513 U.S. 432, 445 (1995) (habeas court should grant petition if it has "grave doubt" about whether trial error had substantial and injurious effect or influence upon jury's verdict).  Harmless error analysis applies to confrontation errors.  *Delaware v. VanArsdall*, 475 U.S. 673, 684 (1986).

The record indicates that Raydale Steen's written statement was later admitted into evidence at trial.  *See* 4/2/01 Trial Tr., pp. 270-71.  Further, the prosecution presented significant evidence of Petitioner's guilt, including eyewitness testimony.  The trial court's limitation on cross-examination thus did not have a substantial or injurious effect or influence upon the jury's verdict.  Petitioner has failed to establish that the trial court's ruling violated his constitutional rights or rendered his trial fundamentally unfair.  He is thus not entitled to relief on this claim.

F.    **Sentencing Claim**

Lastly, Petitioner contends that he is entitled to habeas relief because the trial court erred in scoring his sentencing guidelines and considering his lack of remorse at sentencing.  The Michigan Court of Appeals reviewed these claims and concluded that the guidelines were

14

properly scored and remorsefulness was properly considered as a matter of state law.  *See Brown*, 2003 WL 1904356 at *4.

Petitioner has no basis for relief as to his sentencing guidelines claim.  Even if the state court did miscalculate the guidelines, Petitioner is not entitled to relief from this Court. Petitioner has no state created-liberty interest in having the Michigan sentencing guidelines applied rigidly in determining his sentence.  *See Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987) (Cohn, J.).  "Because state courts are the final authority on state law, federal courts must accept a state court's interpretation of its statutes and its rules of practice."  *Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001) (citation omitted).  Claims concerning the improper scoring of sentencing guidelines are not cognizable in habeas proceedings.  *See Austin v. Jackson*, 213 F.3d 298, 301 (6th Cir. 2000); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988).  Petitioner is thus not entitled to relief on this claim.

Petitioner relatedly asserts that his sentence was based upon inaccurate information relative to the scoring guideline variables.  A sentence may violate due process if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct.  *See Townsend v. Burke*, 334 U.S. 736, 741 (1948); *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (criminal defendant must have a meaningful opportunity to rebut contested information at sentencing).  To prevail on such a claim, the petitioner must also show that the trial judge relied on the allegedly false information.  *See United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992).  Petitioner has made no such showing.  The record reveals that the trial court relied upon facts established at

trial in imposing sentence, and other permissible factors.  Further, Petitioner had an opportunity to, and did, contest the scoring of the guidelines at sentencing.  Petitioner has not shown that the trial court relied upon inaccurate information in imposing his sentence.

Petitioner is also not entitled to relief on any claim that the trial court erred in considering his lack of remorse at sentencing.  Such a consideration is appropriate under Michigan law, *see People v. Houston*, 448 Mich. 312, 323, 532 N.W.2d 508 (1995), and is not precluded by federal law.  While a criminal defendant retains the right to remain silent and not incriminate himself without penalty at sentencing, *see Mitchell v. United States*, 526 U.S. 314, 328-29 (1999), this guarantee is implicated when a sentencing court considers a defendant's failure to admit guilt – not when a sentencing court considers a defendant's remorsefulness.  *See Ketchings v. Jackson*, 365 F.3d 509, 512 (6th Cir. 2004).  The record in this case supports the Michigan Court of Appeals' determination that the sentencing court merely considered Petitioner's remorsefulness, and not his failure to admit guilt, at sentencing.  *See* 5/1/01 Sent. Tr., pp. 7-9.  Habeas relief is not warranted on this claim.

## V.      Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to habeas relief on the claims contained in his petition.  Accordingly, the Court **DENIES WITH PREJUDICE** the petition for writ of habeas corpus.

**IT IS SO ORDERED**.


                                                    s/Marianne O. Battani
                                                    MARIANNE O. BATTANI
                                                    UNITED STATES DISTRICT JUDGE

DATED: August 9, 2005

16

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

RICKIE BERNARD BROWN,

        Petitioner,

|  |  |
|---|---|
| v. | CIVIL CASE NO. 04-CV-60048-AA<br>HONORABLE MARIANNE O.<br>BATTANI |

JERI ANN SHERRY,

        Respondent.

_____/

## JUDGMENT

      The above-entitled matter having come before the Court on a Petition for Writ of Habeas Corpus, Honorable Marianne O. Battani, United States District Judge, presiding, and in accordance with the Opinion and Order entered on this date;

      **IT IS ORDERED AND ADJUDGED** that the Petition for Writ of Habeas Corpus is **DENIED** and **DISMISSED WITH PREJUDICE.**

      **SO ORDERED.**

                                  s/Marianne O. Battani_____
                                  MARIANNE O. BATTANI
                                  UNITED STATES DISTRICT JUDGE

DATED: August 9, 2005__